IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Criminal No. 2009-38 |
| DANIEL CONFIDENTE, ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the Court is defendant's Verified Emergency Petition for Writ of Error Coram Nobis [DE 99] pursuant to 28 U.S.C. § 1651 to vacate his federal conviction.[1] The government opposes [DE 102] the petition. For the reasons that follow, it is recommended that the Petition for Writ of Coram Nobis be denied.

### I.   PROCEDURAL AND FACTUAL BACKGROUND

On December 16, 2009, defendant, a lawful permanent resident of the United States, pled guilty by written plea agreement [DE 64] to one count of conspiracy to smuggle aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(1). Under the terms of the plea agreement, defendant waived his right to file a direct appeal and the right to file collateral proceedings pursuant to 28 U.S.C. § 2255. Plea Agreement § 3 ¶ 1 [DE 64]. On March 10, 2010, an Acceptance of Plea of Guilty and Adjudication of Guilt [DE 83] was entered. On April 5, 2010, the District Court sentenced [DE 93] defendant to five years "supervised probation." Judgment [DE 95] was entered on June 4, 2010.

---

[1]   A district court has jurisdiction over the petition for writ of error coram nobis under 28 U.S.C. § 1651(a) in aid of its jurisdiction over criminal proceedings pursuant to 18 U.S.C. § 3231. *United States v. Orocio*, 645 F.3d 630, 635 (3d Cir. 2011) overruled on other grounds by *Chaidez v. United States*, 133 S. Ct. 1103 (2013).

According to defendant's motion, he "was arrested by an officer of the Department of Homeland Security and is now subject to removal proceedings on the basis of his conviction of conspiracy to smuggle aliens."[2]  Def.'s Mot. ¶ 9.  Defendant does not provide the date of this arrest.  On October 4, 2013, defendant filed a petition for a writ of error coram nobis, seeking to vacate his federal conviction on grounds of ineffective assistance of counsel.  In particular, defendant argues his trial attorney failed to advise him that his guilty plea carried the risk of deportation.  Def.'s Mot. ¶¶ 7, 14, 16.

## II.   LEGAL STANDARD

The authority to grant coram nobis relief derives from the All Writs Act, 28 U.S.C. § 1651(a).  *United States v. Stoneman*, 870 F.2d 102, 105 (3d Cir. 1989).  "A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. §2255 or §2241."  *Chaidez v. United States*, 133 S. Ct. 1103, 1106 n.1 (2013); *Stoneman*, 870 F.2d at 105-06 (stating the writ of error coram nobis "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C.A. § 2255").

"The metes and bounds of the writ of coram nobis are poorly defined and the Supreme

---

[2]   The Immigration and Nationality Act ("INA") provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1227(a)(2)(A)(iii).  The INA specifically defines an "aggravated felony" to include

> an offense described in paragraph (1)(A) or (2) of section 274(a) [8 U.S.C. § 1324(a)(1)(A) or (2)] (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter.

8 U.S.C. § 1101(a)(43)(N). The INA also defines an "aggravated felony" to include "an attempt or conspiracy to commit an offense described in this paragraph."  8 U.S.C. § 1101(a)(43)(U).

Court has not developed an easily readable roadmap for its issuance." *United States v. George*, 676 F.3d 249, 253 (1st Cir. 2012) (citing *United States v. Denedo*, 556 U.S. 904, 911-12 (2009)). Nevertheless, Supreme Court precedent indicates coram nobis relief is "an extraordinary remedy" and situations warranting the deployment of the writ are rare. *United States v. Morgan*, 346 U.S. 502, 511 (1954); *see, e.g., Denedo,* 556 U.S. at 916 (remarking on the importance of limiting the writ to truly extraordinary circumstances "so that finality is not at risk in a great number of cases"); *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (stating "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate") (alterations and internal quotation marks omitted); *United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1988) (stating coram nobis relief is "reserved for exceptional circumstances"); *Stoneman*, 870 F.2d at 106 (describing corman nobis as "an extraordinary remedy, and a court's jurisdiction to grant relief is of limited scope").

For relief under the writ, the petitioner must demonstrate: (1) a fundamental error infected the proceedings; (2) he is suffering from continuing consequences of the allegedly invalid conviction; (3) there was no remedy available at the time of trial; and (4) sound reasons exist for failing to seek relief earlier. *United States v. Babalola*, 248 Fed. Appx. 409, 412 (3d Cir. 2007)(citing *Stoneman*, 870 F.2d at 106; *Osser*, 864 F.2d at 1059); *Cabrera v. United States*, 2011 U.S. Dist. LEXIS 74866, at *4 (D.N.J. July 12, 2011) (same); *see Elmour v. Gov't of the Virgin Islands*, 54 V.I. 740, 751 n.18 (D.V.I. 2010) (same). "[E]arlier proceedings are presumptively correct and the petitioner bears the burden to show otherwise." *Babalola*, 248 Fed. Appx. at 412 (citing *United States v. Cariola*, 323 F.2d 180, 184 (3d Cir. 1963)); *accord Morgan*, 346 U.S. at 512.

### III. DISCUSSION

Defendant asserts that his trial counsel was ineffective for failing to inform him that pleading guilty could subject him to subsequent deportation, and asks the Court to set aside his plea and sentence pursuant to *Padilla v. Kentucky*, 559 U.S. 356 (2010).[3] Def.'s Mot. ¶¶ 7, 14, 16. Defendant states that had he known about the immigration consequences of his guilty plea, he would have negotiated a different plea deal or proceeded to trial. Def.'s Mot. ¶¶ 7, 14, 16.

Even if petitioner's assertions are true, here defendant is currently serving a five-year term of supervised probation and is thus "in custody."[4] *See Jones v. Cunnigham*, 371 U.S. 236, 240-43 (1963) (paroled prisoner in custody when the terms of his release impose "significant restraints on petitioner's liberty because of his conviction and sentence"); *United States v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir. 1993) (stating defendant subject to a three year period of supervised release was "'a prisoner in custody' within the meaning of § 2255"). Accordingly, defendant is not eligible for relief by writ of coram nobis.[5] *See United States v. Dent*, 135 Fed.

---

[3] In *Padilla*, decided on March 31, 2010, the Supreme Court held that an attorney "must inform her client whether his plea carries a risk of deportation." *Id*., 559 U.S. at 374. Failure to do so is "constitutionally deficient." *Id*. In *Chaidez v. United States*, 133 S. Ct. 1103 (2013), the Supreme Court held that "defendants whose convictions became final prior to *Padilla* [] cannot benefit from its holding." *Id*. at 1113. Defendant's conviction did not become final until after *Padilla*.

[4] The government advises that defendant's supervised release expires on March 31, 2015.

[5] While the Court reaches no ruling on the merits, the Court observes that where a defendant is no longer in custody, a writ of error coram nobis is an appropriate vehicle for a claim based on ineffective assistance of counsel. *Padilla* stands as legal authority that would support defendant's ineffective assistance of counsel claim, provided his allegations against trial counsel were found to be true. An ineffective assistance of counsel claim may constitute a fundamental defect for the purposes of a writ of error coram nobis. *United States v. Rad-O-Lite of Philadelphia, Inc.*, 612 F.2d 740, 744 (3d Cir. 1979); *see Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (explaining the two-part test to establish ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) "applies to challenges to guilty pleas based on ineffective assistance of counsel"). Second, "deportation is a particularly severe penalty," *Padilla*, 559 U.S. at 365 (citation omitted), and qualifies as the type of continuing consequence that may warrant coram nobis relief. *See United States v. Romero-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988) (holding that "potential deportation is a collateral consequence of a guilty plea"). Third, no remedy was available during the proceeding because in general, ineffective assistance of counsel claims may only be heard on collateral review.

*USA v. Confidente*
Criminal No. 2009-38
Page 5

Appx. 532, 534 (3d Cir. 2005) (a defendant on supervised release "is still 'in custody' and thus, coram nobis relief is not available to him").

## IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant's Verified Emergency Petition for Writ of Error Coram Nobis [DE 99] be DENIED.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:** November 13, 2013                               S\_____
                                                                               **RUTH MILLER**
                                                                               United States Magistrate Judge

---

*United States v. Sidhana*, 2013 U.S. Dist. LEXIS 139136, at *5-6 (D.N.J. Sept. 26, 2013) (citing *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998)).